## **MUTUAL RELEASE AND SETTLEMENT AGREEMENT**

In consideration of the mutual promises and covenants set forth within this Mutual Release and Settlement Agreement ("Agreement") and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Troy Hoekstra ("Hoekstra"), Paul Nei ("Nei") and Rich Danielson ("Danielson") enter into this Agreement effective as of May 15, 2008. Hoekstra, Nei and Danielson may be hereinafter referred to individually as a "Party" or collectively as the "Parties".

### RECITALS

WHEREAS, the Parties are currently involved in a dispute arising out of a loan previously made by Nei and Danielson to Hoekstra (the "Loan"), which dispute is currently venued in the United States Bankruptcy Court, District of Minnesota under the caption *In re Troy Jason Hoekstra and Susan Noelle Hoekstra*, BKY File No. 06-42474, *Paul Nei and Rich Danielson v. Troy Hoekstra*, ADV File No. 07-4035 (the "Action"); and

WHEREAS, the Parties desire to resolve their disputes currently existing between them relative to the Loan and the Action pursuant to the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the promises, mutual covenants and agreements hereinafter set forth, the parties hereby agree as follows:

### AGREEMENT

1. <u>Re-Affirmation of Indebtedness</u>. Hoekstra hereby reaffirms an indebtedness to Nei and Danielson, jointly, in the total principal amount of One Hundred Fifty Thousand and no/100ths Dollars ($150,000.00) (the "Indebtedness")

2. As and for full and complete satisfaction of the parties' dispute, Hoekstra shall repay the Indebtedness plus an additional Thirty Five Thousand and no/100ths Dollars ($35,000.00) (collectively the "Settlement Amount") to Nei and Danielson, collectively, in the following manner:

    (a) <u>$100,000 Note</u>. One Hundred Thousand and no/100ths Dollars ($100,000.00) promissory note payable by Hoekstra to Nei and Danielson, jointly, in the form of <u>Exhibit A</u> attached hereto (the "$100,000 Note"). The $100,000 Note shall provide for an initial payment of $8,000.00 to be made within ~~thirty (30)~~ 15 days of the date of execution thereof and the balance to be paid within twenty-four (24) months of the date of execution thereof or, upon the parties' mutual written agreement, such other later date as agreed upon by the parties. The $100,000 Note shall be secured by a Confession of Judgment in the form of <u>Exhibit B</u> attached hereto and executed by Hoekstra which Nei and Danielson shall not be filed at any time prior to the expiration of the twenty-four (24) month term of the $100,000 Note.

(b) $85,000 Note. Eighty-Five Thousand and no/100ths Dollars ($85,000.00) promissory note payable by Hoekstra to Nei and Danielson, jointly, in the form of Exhibit C attached hereto (the "$85,000 Note"). The $85,000 Note shall be repaid from the parties' profits arising out of the business to be conducted by the limited liability company to be created by the Parties pursuant to Section 3 herein.

3. Limited Liability Company. The parties agree to use their best efforts to establish a limited liability company ("LLC") within ninety (90) days of the date of this Agreement. Each of Nei, Danielson and Hoekstra shall own 33 1/3% of the membership interests of the LLC. Said LLC shall be formed for the purpose of conducting commercial real estate business operations. The parties shall execute a member control agreement relative to the LLC which shall contain buy-sell provisions allowing a member and/or the LLC an option to purchase another member's membership interest upon the occurrence of any voluntary transfer, involuntary transfer, death of a member, and/or total disability of a member. The purchase price for a membership interest pursuant to the member control agreement shall be determined in the following priority: (i) by mutual agreement; (ii) by averaging the values established by three (3) separate appraisers; and (iii) through binding arbitration. The LLC documents shall specify that all profits from the LLC shall be applied first to the $85,000 Note and then to the $100,000 Note until the same are paid in full.

4. Waiver and Release of Claims by Nei and Danielson. Upon execution of this Agreement and the complete performance by Hoekstra of all of his obligations as set forth herein, including but not limited to the execution and delivery of the $100,000 Note, the $85,000 Note and all documents necessary to establish the LLC, including but not limited to the documents described herein, Nei and Hoekstra, for and on behalf of each of themselves and their heirs, successors and assigns, hereby irrevocably and unconditionally waives, releases, acquits and forever discharges Hoekstra of and from and against any manner of action or actions, causes of actions, claims, damages, debts, demands, executions, expenses, judgments, liabilities or losses, whether known or unknown, liquidated or unliquidated, fixed, contingent, direct or indirect that either Nei and/or Danielson ever had, now has or may have against Hoekstra as of the date of this Agreement and arising out of the Loan and/or the Action.

4. Waiver and Release of Claims by Hoekstra. Upon execution of this Agreement, and the complete performance by Nei and Danielson of all of their obligations set forth herein, Hoekstra, for and on behalf of himself and his heirs, successors and assigns, hereby waives, releases, acquits and forever discharges each of Nei and Danielson of and from any manner of action or actions, causes of actions, claims, damages, debts, demands, executions, expenses, judgments, liabilities or losses, whether known or unknown, liquidated or unliquidated, fixed, contingent, direct or indirect that Hoekstra ever had, now has or may have against either Nei and/or Danielson as of the date of this Agreement.

5. Disclaimer of Liability. The Parties hereby agree and acknowledge that this Agreement and all actions taken pursuant to it are done and accepted as a full and complete compromise of all disputed claims and issues; that neither this Agreement nor any actions undertaken in connection therewith by either of the parties, their attorneys, or representatives shall be

2

considered admissions by either party; and that no past or present wrongdoing, fault, or failure on the part of any of the Parties or their predecessors and interest, agents, attorneys or representatives shall be implied or inferred from such matters or such actions. Neither this Agreement or any of its terms shall be offered or received in evidence in any proceeding or utilized in any matter whatsoever as an admission of any evidence of any wrongdoing, default, or failure of any nature, or any liability therefore on the part of either Party, their predecessors, agents, attorneys or representatives.

6.  Representations, Warranties and Agreements. The Parties represent and warrant to each other and agree that: (a) this Agreement has been carefully read by, the contents hereof are known and understood by, and it is signed freely by each person or party executing this Agreement; (b) the Parties are each represented by counsel in this matter or have voluntarily chosen not to retain counsel; (c) the terms of this Agreement are contractual, not a mere recital, and this Agreement is a result of negotiations between the Parties; and (d) each Party to this Agreement has the power and authority to enter into and perform this Agreement.

7.  Integration. This Agreement and all documents referenced herein represent a single, integrated, written contract expressing the entire agreement of the Parties with respect to the subject matter hereof. No covenants, agreements, representations or warranties of any kind whatsoever have been made by either Party except as expressly set forth in this Agreement. All prior discussions and negotiations have been and are merged and integrated into, and are superceded by this Agreement. This Agreement may not be supplemented or changed orally and may be modified only by written agreement executed by each of the parties hereto.

8.  Execution Counterparts. This Agreement may be executed and delivered in two or more counterparts, each of which, when so delivered, shall be an original, but such counterparts shall together constitute but one in the same instrument and agreement. This Agreement shall be deemed to be executed on the last such day any such counterpart is executed.

9.  Governing Law and Venue. This Agreement shall be construed in accordance with, and be governed by, the laws of the State of Minnesota, without regard to any choice of law rules, and any action brought to enforce or interpret this Agreement shall be brought in Hennepin County District Court, State of Minnesota.

10. Construction. The terms of this Agreement shall be construed in even-handed fashion as between the Parties. If it is determined that there is ambiguity or lack of clarity regarding to any of the language in this Agreement, the issue of the meaning of such language shall be resolved in a manner consistent with the relevant terms of this Agreement and without regard to authorship.

11. Captions. The use of headings or captions in this Agreement shall in no way expand or limit the scope or intent of any provision of this Agreement.

12. Further Assurances. Each of the Parties shall do all such acts and things and shall execute and deliver, or cause to be executed and delivered, all such documents, instruments and

agreements as may be necessary or desirable to give effect to the provisions of and intent of this Agreement.

13. <u>Sufficient Consideration</u>.    The Parties hereby acknowledge and agree that the consideration given by each of the Parties for this Agreement is sufficient consideration for this transaction.

14. <u>Stipulation of Dismissal</u>.    Upon execution of this Settlement and Release Agreement, the $100,000 Note, the $50,000 Note and the Confession of Judgment as described herein, the parties and/or their counsel shall execute an appropriate stipulation of dismissal regarding the Action.

IN WITNESS WHEREOF, each of the parties has executed and delivered this Settlement and Release Agreement effective as of the date first above written.

NEI:    _____
        Paul Nei

DANIELSON:    _____
              Rich Danielson

HOEKSTRA:    _____
             Troy Hoekstra

457754

# EXHIBIT A

$100,000 NOTE

# EXHIBIT B

CONFESSION OF JUDGMENT

EXHIBIT C

$50,000 NOTE

See attached.